| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| JaVonne M. Phillips, Esq. SBN 187474<br>Matthew B. Learned, Esq. SBN 255499<br>McCarthy & Holthus, LLP<br>1770 Fourth Avenue<br>San Diego, California 92101<br><br>Phone (619) 685-4800 Fax (619) 685-4810<br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Washington Mutual Bank, its assignees and/or successors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>Tonja M. Eakes, Debtor; James J. Joseph, Chapter 7 Trustee<br><br>Respondent(s). | CHAPTER: 7<br>CASE NO.: 8:08-15290-TA<br>DATE: 02/24/09<br>TIME: 10:30 AM<br>CTRM: 5B<br>FLOOR: 5 |
|---|---|

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
## (MOVANT: Washington Mutual Bank, its assignees and/or successors)
## (Real Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**   ☐ **255 East Temple Street, Los Angeles**   ☒ **411 West Fourth Street, Santa Ana**
   ☐ **21041 Burbank Boulevard, Woodland Hills**   ☐ **1415 State Street, Santa Barbara**
   ☐ **3420 Twelfth Street, Riverside**

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

   ☐ at the hearing   ☐ at least ___ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                                                                    **F 4001-1M.RP**

| Motion for Relief From Stay (Real Property) – *Page 2 of* ___ | | **F 4001-1M.RP** |
|---|---|---|
| In re<br>Tonja M. Eakes, | (SHORT TITLE) | CHAPTER: 7 |
| | Debtor. | CASE NO.: 8:08-15290-TA |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 1/22/2009

                                                  McCarthy & Holthus, LLP
                                                *Print Law Firm Name (if applicable)*

                                                /s/ Matthew B. Learned

Matthew B. Learned, Esq.
*Print Name of Individual Movant or Attorney for Movant*     *Signature of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                                                                                   **F 4001-1M.RP**

Motion for Relief From Stay (Real Property) – Page 3 of ___    **F 4001-1M.RP**

| In re<br>Tonja M. Eakes, | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor. | CASE NO.: 8:08-15290-TA |

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY
# (MOVANT: Washington Mutual Bank, its assignees and/or successors)

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

    *Street Address: 25031 Adelanto Drive*
    *Apartment/Suite No.:*
    *City, State, Zip Code: Laguna Niguel, CA 92677*

    Legal description or document recording number (including county of recording): 20060006755546, Orange County, California

    ☐ See attached continuation page.

2. **Case History:**

    a. ☒ A voluntary ☐ An involuntary petition under Chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13
    was filed on *(specify date)*: 08/29/2008

    b. ☐ An Order of Conversion to Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13
    was entered on *(specify date)*:

    c. ☐ Plan was confirmed on *(specify date)*:

    d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3. **Grounds for Relief from Stay:**

    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

       (1) ☒ Movant's interest in the Property is not adequately protected.

          (a) ☒ Movant's interest in the collateral is not protected by an adequate equity cushion.
          (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
          (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).
          (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.

       (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

          (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
          (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.
          (c) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.
          (d) ☐ Other (See attached continuation page)

       (3) ☐ *(Chapter 12 or 13 cases only)*

          (a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.
          (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

       (4) ☐ For other cause for relief from stay, see attached continuation page.

    b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*    **F 4001-1M.RP**

Motion for Relief From Stay (Real Property) – *Page 4 of* ___        **F 4001-1M.RP**

| In re<br>Tonja M. Eakes, | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor. | CASE NO.: 8:08-15290-TA |

    c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

    d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

        (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

        (2) ☐ Multiple bankruptcy filings affecting the property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
    a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
    b. ☐ Other Declaration(s) are also attached in support of this Motion.
    c. ☒ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as **Exhibit "3"**.
    d. ☒ Other evidence *(specify)*: Deed of Trust attached hereto as **Exhibit "1"**, Assignment of Deed of Trust attached hereto as **Exhibit "2"**, and Debtor intends to surrender the subject property as set forth in Debtor's Statement of Intention attached hereto as **Exhibit "4"**.

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☒ Additional provisions requested:
    a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
    b. ☒ That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived.
    c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.
    d. ☐ For other relief requested, see attached continuation page.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*        **F 4001-1M.RP**

Motion for Relief From Stay (Real Property) – *Page 5 of* ___    **F 4001-1M.RP**

| In re<br>Tonja M. Eakes, | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor. | CASE NO.: 8:08-15290-TA |

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated:   1/22/2009

Respectfully submitted,

Washington Mutual Bank, its assignees and/or successors
*Movant Name*

McCarthy & Holthus, LLP
*Firm Name of Attorney for Movant (if applicable)*

By:   /s/ Matthew B. Learned

*Signature*

Name:   Matthew B. Learned, Esq., Attorney for Movant
*Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*    **F 4001-1M.RP**

Motion for Relief From Stay (Real Property) – Page 6 of ___                    F 4001-1M.RP

| In re<br>Tonja M. Eakes, | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor. | CASE NO.: 8:08-15290-TA |

# REAL PROPERTY DECLARATION
## (MOVANT: Washington Mutual Bank, its assignees and/or successors)

I, Ann Garbis, declare as follows:
  *(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☒ I am employed by Movant as *(state title and capacity)*: a Vice President.

   ☐ Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a. The address of the Property that is the subject of this Motion is:

   *Street Address:* 25031 Adelanto Drive
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Laguna Niguel, CA 92677

   b. The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as **"Legal Description"**.

   ☒ See attached page.

4. Type of property *(check all applicable boxes)*:
   a. ☒ Debtor's(s') principal residence    b. ☐ Other single family residence
   c. ☐ Multi-unit residential              d. ☐ Commercial
   e. ☐ Industrial                          f. ☐ Vacant land
   g. ☐ Other *(specify)*:

5. Nature of Debtor's(s') interest in the Property:
   a. ☒ Sole owner
   b. ☐ Co-owner(s) *(specify)*:
   c. ☐ Lien holder *(specify)*:
   d. ☐ Other *(specify)*:
   e. ☒ Debtor(s) ☒ did ☐ did not list the Property in the Schedules filed in this case.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                                  F 4001-1M.RP

Motion for Relief From Stay (Real Property) – Page 7 of ___    **F 4001-1M.RP**

| In re<br>Tonja M. Eakes, | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor. | CASE NO.: 8:08-15290-TA |

    f.   ☒ Debtor(s) acquired the interest in the Property by ☒ grant deed ☐ quitclaim deed ☐ trust deed

         The deed was recorded on:

6.  Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal | $ | $ | $ 710,253.96 |
| b. | Accrued Interest: | $ | $ | $ 28,442.22 |
| c. | Late Charges: | $ | $ | $ 866.13 |
| d. | Costs (Attorney's Fees, Other Costs): | $ | $ | $ 800.00 |
| f. | Advances (Property Taxes, Insurance) | $ | $ | $ 0.00 |
| g. | TOTAL CLAIM as of 10/30/2008 | $ | $ | $ 740,362.31 |

    h.  ☐ Loan is all due and payable because it matured on (*specify date*):

7.  Movant holds a ☒ deed of trust ☐ judgment lien ☐ other *(specify)*
    that encumbers the Property.

    a.  A true and correct copy of the document as recorded is attached as **Exhibit "1"**.
    b.  A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as
        . Movant is the owner and holder of the original Note.
    c.  ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant
        is attached as **Exhibit "2"**.

8.  Status of Movant's claim relating to the Property *(fill in all applicable information requested below)*:

    a.  Current interest rate:                           7.976%
    b.  Contractual maturity date:                     11/01/2036
    c.  Amount of current monthly payment:        $4,811.80
    d.  Number of PREPETITION payments that have come due and were not made: 1 (8/08) Total amount: $4,811.80
    e.  Number of POSTPETITION payments that have come due and were not made: 2 (9/08-10/08) Total amount: $9,623.60
    f.  Date of POSTPETITION default:              None
    g.  Last payment received on the following date:     07/31/2008
    h.  Notice of default recorded on the following date:    None
    i.  Notice of sale recorded on the following date:       None
    j.  Foreclosure sale originally scheduled for the following date:  None
    k.  Foreclosure sale currently scheduled for the following date:  None
    l.  Foreclosure sale already held on the following date:    None
    m.  Trustee's deed on sale already recorded on the following date:  None
    n.  Future payments due by time of anticipated hearing date *(if applicable)*: 4
        An additional payment of $4,811.80 will come due on 11/01/2008 and on the 1st day of each month thereafter.  If the payment
        is not received by the 15th day of the month, a late charge of $288.71 will be charged to the loan.

9.  Attached hereto as  Exhibit      is a true and correct copy of a POSTPETITION payment history that accurately reflects the dates
    and amounts of all payments made by the Debtor(s) since the petition date.

10.  ☒ *(Chapter 7 and 11 cases only)*:  The fair market value of the entire Property is $550,000.00 established by:

    a.  ☐ Appraiser's declaration with appraisal attached herewith as Exhibit     .

    b.  ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit     .

    c.  ☒ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as **Exhibit "3"**.

    d.  ☐ Other *(specify)*:

11.  ☐ The fair market value of the Property is declining based on/due to:

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                                                      **F 4001-1M.RP**

| | Motion for Relief From Stay (Real Property) – Page 8 of ___ | F 4001-1M.RP |
|---|---|---|
| In re<br>Tonja M. Eakes, | (SHORT TITLE) | CHAPTER: 7 |
| | Debtor. | CASE NO.: 8:08-15290-TA |

12. ☒ **Calculation of equity in Property:**
   a. Based upon ☐ preliminary title report  ☒ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property.

| | **Name of Holder** | **Amount Scheduled by Debtor(s) (if any)** | **Amount Known to Declarant and Source** |
|---|---|---|---|
| 1st Deed of Trust: | Movant | $ 688,000.00 | $ 740,362.31 |
| 2nd Deed of Trust: | | $ | $ |
| 3rd Deed of Trust: | | $ | $ |
| Judgment Liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** | | **$ 688,000.00** | **$ 740,362.31** |

   b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit **"1"** and **"3"**, and consists of:
   ☐ Preliminary title report
   ☒ Relevant portions of Debtor's(s') Schedules as filed in this case attached hereto as **Exhibit "3"**.
   ☒ Other *(specify)*: Deed of Trust attached hereto as **Exhibit "1"**.

   c. Subtracting the deed(s) of trust and other liens(s) set forth from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $(190,362.31) (§ 362(d)(2)(A)).

   d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $(190,362.31) (§ 362(d)(1)).

   e. Estimated costs of sale: $44,000.00 (Estimate based upon 8% of estimated gross sale price)

13. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

   a. 341(a) Meeting currently scheduled for (or concluded on) the following date:
   Confirmation hearing currently scheduled for (or concluded on) the following date:
   Plan confirmed on the following date *(if applicable)*:

   b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

   | *(Number of)* | payment(s) due at | $ | each = | $ |
   | *(Number of)* | payment(s) due at | $ | each = | $ |
   | *(Number of)* | late charge(s) at | $ | each = | $ |
   | *(Number of)* | late charge(s) at | $ | each = | $ |

   c. Postpetition/preconfirmation advances or other charges due but unpaid:           $
      (See attachment for details of type and amount.)

   **TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**           $

   d. Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:
   | *(Number of)* | payment(s) due at | $ | each = | $ |
   | *(Number of)* | payment(s) due at | $ | each = | $ |
   | *(Number of)* | late charge(s) at | $ | each = | $ |
   | *(Number of)* | late charge(s) at | $ | each = | $ |

   e. Postconfirmation advances or other charges due but unpaid:           $
      (See attachment for details of type and amount.)

   **TOTAL POSTCONFIRMATION DELINQUENCY:**           $

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                                                                              F 4001-1M.RP

Motion for Relief From Stay (Real Property) – *Page 9 of* ___    **F 4001-1M.RP**

| In re<br>Tonja M. Eakes, | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor. | CASE NO.: 8:08-15290-TA |

    f.  ☐ The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

    g.  ☐ See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13).*

14.  ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15.  ☐ The court determined that the Property qualifies as single asset real estate on _____. More than 90 days has passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor(s) has/have not commenced the monthly payments to Movant as required by 11 U.S.C § 362(d)(3).

16.  ☐ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17.  ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:
    a.  ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b.  ☐ Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:
       1. Case Name:
          Case Number:                Chapter:
          Date Filed:                    Date Dismissed:         Date Discharged:
          Relief from stay re this property ☐ was ☐ was not granted.

       2. Case Name:
          Case Number:                Chapter:
          Date Filed:                    Date Dismissed:         Date Discharged:
          Relief from stay re this property ☐ was ☐ was not granted.

       3. ☐ See attached continuation page for more information about other bankruptcy cases affecting the property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                        **F 4001-1M.RP**

| Motion for Relief From Stay (Real Property) – *Page 10 of* ___ | | **F 4001-1M.RP** |
|---|---|---|
| In re<br>Tonja M. Eakes, | (SHORT TITLE) | CHAPTER: 7 |
| | Debtor. | CASE NO.: 8:08-15290-TA |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on _____ (date), at _____ (city), _____ (state).


**See Exhibit "5"**

*Print Declarant's Name*              *Signature of Declarant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*           **F 4001-1M.RP**

| Motion for Relief From Stay (Real Property) – *Page 11 of* ___ | | **F 4001-1M.RP** |
|---|---|---|
| In re<br>Tonja M. Eakes, | (SHORT TITLE) | CHAPTER: 7 |
| | Debtor. | CASE NO.: 8:08-15290-TA |

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

1. I am over the age of 18 and not a party to the within action. My business address is as follows:
   1770 Fourth Avenue
   San Diego, CA 92101

2. **Regular Mail Service:** On 1/22/2009, pursuant to Local Bankruptcy Rule 9013-1, I served the documents described as: NOTICE OF MOTION and MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States first class Mail at San Diego, California, addressed as set forth on the attached list.

   > ***NOTE:*** *If the Notice and Motion have been served pursuant to an Order Shortening Time ("Order"), you must file a Proof of Service that indicates that the notice and service requirements contained in the Order have been met.*

3. **See attached list for names and addresses of all parties and counsel that have been served.** *(In the manner set forth in Local Bankruptcy Rule 7004-1(b), specify capacity in which service is made; e.g., Debtor(s), Debtor's(s') Attorney, Trustee, Trustee's Attorney, Creditors Committee, or 20 largest unsecured creditors, etc.)*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 1/22/2009

David Fry                                                           /s/ David Fry
*Typed Name*                                                        *Signature*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                              **F 4001-1M.RP**

| Motion for Relief From Stay (Real Property) – *Page 12 of* ___ | | **F 4001-1M.RP** |
|---|---|---|
| In re | (SHORT TITLE) | CHAPTER: 7 |
| Tonja M. Eakes, | Debtor. | CASE NO.: 8:08-15290-TA |

## SERVICE LIST

DEBTOR
Tonja M. Eakes
25031 Adelanto Dr.
Laguna Niguel, CA 92677

COUNSEL FOR DEBTOR
Matthew E. Faler
17330 Brookhurst St., Ste. 240
Fountain Valley, CA 92708

TRUSTEE
James J. Joseph
2029 Century Park East, 3rd Floor
Los Angeles, CA 90067-2904

US TRUSTEE
United States Trustee (SA)
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701-4593

SPECIAL NOTICE
Ascension Capital Group, Inc.
Attn: Capital One Auto Finance Department
P.O. BOX 201347
Arlington, TX 76006

GE Money Bank
c/o Recovery Management Systems Corp.
Attn: Ramesh Singh
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*    **F 4001-1M.RP**